UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | 2:17-CR-20331-TGB |
| Plaintiff, | |
| vs. | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECOMMENDATION OF PLACEMENT** |
| **ARSHAWN KENARD HALL**, | |
| Defendant. | |

Defendant Arshawn Hall is serving a 33-month sentence that began on February 18, 2019. On April 4, 2019, Defendant filed his first Motion for Recommendation for Residential Reentry Center Placement pursuant to 18 U.S.C. § 3624(c)(1)–(2). ECF No. 62. The Court dismissed Defendant's motion without prejudice because such motions must be filed 17–19 months prior to a defendant's projected release date. On May 16, 2019, Defendant filed a second Motion for Recommendation for Residential Reentry Center Placement. ECF No. 66. According to Defendant's motion, his projected release date is now October 9, 2020 which puts this motion properly within the 17–19-month window. The

Government responded, opposing the motion, on May 24, 2019. ECF No. 68. Defendant filed a "Motion to Compel" on July 19, 2019, that appears to request a response to the Motion for Recommendation. ECF No. 70.

Petitioner seeks the Court's recommendation that, beginning in October 2019, he serve six months in a residential reentry center (RRC) followed by six months of home confinement. The Government contends that Defendant has not shown that he is eligible to receive the Court's recommendation of this placement for the final 12 months of his sentence. ECF No. 64 PageID.2.

For the reasons below, the Court will grant Defendant's request for a recommendation that Defendant serve the final 12 months of his sentence in an RRC but will make no recommendation for home confinement.

The Second Chance Act,18 U.S.C. § 3624, allows a federal prisoner to serve the final months (up to twelve) of their sentence in an RRC to the extent that placement such a placement is reasonable. 18 U.S.C. § 3624. This gives inmates a period of time to re-adjust to society with the hope of reducing recidivism. *United States v. Ahmed*, No. 1:07CR00647, 2017 WL 5166427, at *1 (N.D. Ohio Nov. 8, 2017).

An inmate does not have the *right* to RRC placement. Instead, the Bureau of Prisons decides whether to permit a prisoner to serve the final months of their sentence in an RRC on an "individual basis," using five factors listed in 18 U.S.C. § 3621(b). *See Brown v. Shartle*, No. 4:10CV1000, 2010 WL 2697052, at *2 (N.D. Ohio July 6, 2010). *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009). *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). The Court's recommendation is one of those five factors. 18 U.S.C. § 3621(b)(4)(B).

Courts consider an inmate's activity and behavior during their prison sentences when determining the propriety of an RRC placement recommendation to the Bureau of Prisons, including the Defendant's record of participation in various classes and programs. *United States v. Ahmed*, No. 1:07CR00647, 2017 WL 51664 27, at *2 (N.D. Ohio Nov. 8, 2017); *United States v. Collins*, No. 2:15-cr-00176-7, 2018 WL 1157508, at *1 (E.D. Cal. Mar. 5, 2018); *United States v. Bartels*, No. 12-CR-20072, 2016 WL 6956796, at *1 (E.D. Mich. Nov. 29, 2016). Additionally, the court in *Ahmed* found that the government's failure to mention the Defendant's exemplary prison record indicated the weakness in their opposition to RRC placement. 2017 WL 51664 27, at *2.

In Defendant's case, the Court finds that placement in an RRC for the final 12 months of Defendant's sentence is appropriate. The Government argues against this recommendation on the ground that Defendant was not sufficiently remorseful for his crime and compliant with post-conviction forfeiture. But, as outlined above, the primary factor used to determine whether placement in an RRC is appropriate is good behavior during incarceration. The defendant's clean record while in prison and upcoming completion of a drug rehabilitation program indicate that Defendant should be eligible for this re-entry placement that will assist him in becoming a productive member of society, and not a risk of recidivist conduct.

The statute authorizes home confinement for "the shorter of 10 percent of the term of imprisonment of that prisoner *or* 6 months." 18 U.S.C. § 3624(c)(2) (emphasis added). Because Defendant's sentence was 33 months, the statute authorizes no more than 3.3 months of home confinement, not the 6 months Defendant requests. Defendant has demonstrated that the Court's recommendation for RRC placement is appropriate. As for home confinement, the Court does not oppose Defendant's request but will leave the decision about Defendant's

eligibility up to the Bureau of Prisons, which will be in the best position to determine whether Defendant's adjustment to placement in the RRC demonstrates his suitability for home confinement. The Court therefore grants Defendant's motion only in part.

Defendant has also requested that the Court order the Bureau of Prisons to complete the individualized assessment that the Bureau is statutorily required to complete. ECF No. 66 PageID.325; 18 U.S.C. § 3624(c)(6)(B). Defendant has not provided any evidence that the Bureau has failed to comply with its statutory duties. Therefore, the Court will not grant such relief at this time.

For the foregoing reasons, Defendant's Motion for Recommendation of Residential Reentry Center Placement is **GRANTED in part and DENIED in part.** The Court hereby **RECOMMENDS** that Defendant serve the final 12 months of his sentence in a Residential Reentry Center, with placement at the discretion of the Bureau of Prisons. Defendant's Motion to Compel (ECF No. 70) is **DENIED AS MOOT**.

**SO ORDERED.**


DATED: July 25, 2019.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 25, 2019, by electronic and/or ordinary mail.


S/A. Chubb
Case Manager and Deputy Clerk